IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW STANLEY JACLA,

        Plaintiff,                   No. 2:08-cv-3049 JFM (PC)

    vs.

SOLANO COUNTY SHERIFF, et al.,

        Defendants.            <u>ORDER</u>

                               /

        Plaintiff is housed at the Solano County Jail and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges defendant Moffett "executed prejudice in the badgering of [his] personal business when he began to exploit [him] in the [repercussions] that he should take about an incident [plaintiff] was found not guilty on by his superiors." (Complt. at 1.) Plaintiff seeks an injunction and monetary compensation for "the duress that the officer inflicted upon [plaintiff] with his verbal threats." (Complt. at 2.)

Neither the Eighth nor the Fourteenth Amendment provides relief on a civil rights claim for verbal harassment, including abuse or threats. It is well-settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.2004); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996). See also DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000) (simple verbal harassment, standing alone, does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir.1997) (rejected the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious'.").

Similarly, verbal harassment, abuse, and threats, without more, are not sufficient to state a Fourteenth Amendment constitutional deprivation under § 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); Freeman

v. Arpaio, 125 F.3d 732 (9th Cir.1997) (abusive language directed at prisoner's religious background and ethnic background not actionable), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir.2008).  See also Bashale v. Boise Public Library, 2007 WL 4180684, *2 (D.Idaho 2007) (no relief on allegations that plaintiff was asked to leave public library because he is a black African and speaks with an accent), citing Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); Morgan v. Ward, 699 F.Supp. 1025, 1055 (N.D.N.Y.1988) (recognizing that racial insults do not deprive prisoners of the "minimal civilized measure of life's necessities," and thus do not constitute an Eighth Amendment violation).  Verbal threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).  Plaintiff's complaint does not state any cognizable Eighth Amendment claims.

      Although plaintiff's complaint fails to state a cognizable civil rights claim, the court will dismiss the complaint with leave to amend.  If plaintiff chooses to file an amended complaint, the new pleading must contain a short and plain statement of plaintiff's claims as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
3 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
4 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
7 amended complaint be complete in itself without reference to any prior pleading. This is
8 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
9 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
10 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
11 original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

15       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
18 Solano County Sheriff filed concurrently herewith.

19       3. Plaintiff's complaint is dismissed.

20       4. Within thirty days from the date of this order, plaintiff shall complete the
21 attached Notice of Amendment and submit the following documents to the court:

22       a. The completed Notice of Amendment; and

23       b. An original and one copy of the Amended Complaint.

24 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
25 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
26 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 27, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; jacl3049.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW STANLEY JACLA,

    Plaintiff,    No. 2:08-cv-3049 JFM (PC)

    vs.

SOLANO COUNTY SHERIFF, et al.,    <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                               Plaintiff